IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER DOTY,　　　　　　　　　:
　　　　Plaintiff　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　CIVIL NO. 3:CV-14-1108
　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　(Judge Conaboy)
CO R. COPE,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendants　　　　　　　　　:

FILED
SCRANTON
JUN 17 2014
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

　　Christopher Doty, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Named as sole Defendant is SCI-Mahanoy Correctional Officer (CO) R. Cope.  Accompanying the Complaint is a request for leave to proceed in forma pauperis.  See Doc. 2.  For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

　　According to the Complaint, CO Cope has been harassing Plaintiff since October 14, 2012. Specifically, Plaintiff contends that on October 14, 2012, Cope was verbally abusive and searched him for no reason.  While conducting that search the Defendant allegedly verbally threatened Doty and used a racial slur.  On

February 26 & 28, 2013, Cope verbally threatened the Plaintiff with confinement in the prison's Restricted Housing Unit (RHU).

It is also alleged that on March 5, 2013, Cope issued Plaintiff a meritless disciplinary charge. Attached to the Complaint is a copy of a February 26, 2013, misconduct (#513053) issued by Cope which charged Plaintiff with refusing to obey an order. See Doc. 1, Exhibit A. The report indicates that disposition of the matter was informally handled by the prisoner's Unit Manager with no change occurring in Doty's status.[1]

On March 15, 2013, it is next alleged that Cope again verbally harassed the Plaintiff. Attached as Exhibit B is a second misconduct (#620136) wherein Doty was charged by Cope with refusing to obey an order on June 17, 2013. The Complaint acknowledges that this charge was dismissed by Hearing Examiner Tomcavage. See id. at Exhibit C. As relief, Plaintiff seeks an award of compensatory and punitive damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130,

---

[1] However, Plaintiff contends that he was placed on cell restriction for fourteen (14) days.

132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Verbal Threats**

Plaintiff alleges in part that Correctional Officer Coty made verbal threats and racial slurs against him on a number of occasions. There is no assertion that any of those purported statements were accompanied by any physical abuse.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993)

("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some accompanying reinforcing act, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, Civ. A. No. CV-08-0828, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, Civ. A. No. 00-1557, 2004 WL 1793018 *7 (E.D. Pa.

2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Doty was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not asserted that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks attributed to Correctional Officer Coty, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp. 2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**Emotional Injury**

The Complaint asserts that Plaintiff has suffered emotional distress for which he seeks to recover monetary damages. See Doc. 1, p. 11. There is no allegation that Doty has suffered any accompanying physical injury. For the reasons outlined below, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In

5

<u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Third Circuit Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and psychological injuries for violation of his constitutional rights is barred by Section 1997e(e).

**Cell Restriction**

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

With respect to the Plaintiff's claim that he was improperly sanctioned to a fourteen (14) day placement on cell restriction because of a misconduct issued by CO Cope, the Fourteenth Amendment of the United States Constitution provides in pertinent part: "No

State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. Meachum v. Fano, 427 U.S. 215, 223-26 (1976). In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. However, Sandin focused the liberty interest analysis from one "based on the language of a particular

7

regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. In Sandin the Supreme Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. The nature of an inmate's confinement in disciplinary segregation was found similar to that of inmates in administrative segregation and protective custody at his prison. Id. at 486.

Focusing on the nature of the punishment instead of on the words of any regulation, the Supreme Court held that the procedural protections in Wolff were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. The Court examined the nature of disciplinary segregation and found that "[b]ased on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing him there for 30 days did not work a major disruption in his environment." Id. In the final holding of the opinion, the Court stated that neither the state prison regulation in question, nor the Due Process Clause itself, afforded a protected liberty interest that would entitle state prisoners to the procedural protections set forth in Wolff." See id. at 487 (emphasis added).[2]

---

2. The Sandin Court relied on three factors in making this determination: (1) confinement in disciplinary segregation mirrored conditions of administrative segregation and other forms of discretionary confinement; (2) based on a comparison between inmates inside and outside segregation, the state's action in placing the inmate there did not work a

Courts within this circuit, applying Sandin in various actions, have found no merit in procedural due process claims presented regarding institutional misconduct proceedings which resulted in disciplinary custody placement. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002)(seven (7) months of disciplinary confinement did not implicate liberty interest).

In Diaz v. Canino, 502 F. App'x 214, 218 (3d Cir. 2012) (not precedential), the Third Circuit Court of Appeals reiterated that the sanctions resulting from prison disciplinary hearings do not affect a protected liberty interest unless the sanction imposes an atypical and significant hardship on the inmate. In Diaz, the Court of Appeals concluded that a 360 day term of disciplinary confinement did not implicate a protected liberty interest.

Considering the rules of law set forth in Sandin and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that Plaintiff's claims pertaining to the imposition of a fourteen (14) day period of cell restriction which was imposed as the result of the misconduct charge issued by the Defendant does not set forth a viable constitutional claim because

---

major disruption in the inmate's environment; and (3) the state's action did not inevitably affect the duration of inmate's sentence.

Doty had no protected liberty interest.[3]

Since there is no claim by Doty that he was sanctioned to a loss of good time credits or any other sanction which adversely affected the duration of his confinement, a viable due process claim has not been set forth.

**Conclusion**

Since Doty's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 16th, 2014

---

[3] It is noted that a second disciplinary charge issued against Doty which is referenced in the Complaint was dismissed without the imposition of any sanctions and as such does not set forth a viable claim.

10